United States District Court
Southern District of Texas
**ENTERED**
January 09, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Adam Contreras, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action H-22-4131 |
| | § | |
| James Madison, et al., | § | |
| Defendants. | § | |

## Report and Recommendation

Adam Contreras has sued, among others, the current and immediate past Presidents of the United States and the long-deceased fourth President of the United States. The court recommends that Contreras's case be dismissed for lack of subject matter jurisdiction.

In his form employment discrimination complaint, Contreras does not allege any facts. Where it asks the basis of the court's jurisdiction, Contreras has simply checked all of the boxes. ECF No. 1 at 3. In answer to whether the defendants have violated any other state, federal, or local law, Contreras writes "Article VII, USC, DOI, GOD, BOR." *Id.* Where the form asks him to identify the defendants' discriminatory conduct, Contreras checked all of the boxes but one and then states "GOD, DOJ, LORD USC, BOR OWNER BEAR." *Id.* at 4. He claims the dates of the discriminatory acts to be, among others, "7/4/1776, 1789 . . . ." *Id.* After the form statement "The facts of my case are as follows," Contreras wrote "ARTICLE VII, USC, DOI, GOD, BOR." *Id.* at 5. In a letter Contreras submitted to the court, he has written a long series of nonsensical words, phrases, and numbers. ECF No. 6.

Contreras has several other cases pending in this district, including *Contreras v. Wilson, et al.,* 4:22CV3908, in which the undersigned has entered Memorandum and Recommendation that

the case be dismissed for the same reasons the court recommends this case be dismissed.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal courts have an affirmative duty to examine *sua sponte* the basis for subject matter jurisdiction. *Union Planters Bank Nat. Assn. v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004). When a plaintiff's claims are entirely frivolous, the district court lacks power to entertain them. *Atakapa Indian de Creole Nation v. State of Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019). "Some claims are 'so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy." *Id.* (quoting *Oneida Indian Nation of N.Y. v. Oneida Cty.*, 414 U.S. 661, 666 (1974)). Thus, this court has no power to adjudicate a claim that is "wholly insubstantial and frivolous," that is, a claim that is "obviously without merit." *Atakapa*, 943 F.3d at 1006.

Contreras's claims are obviously without merit. He has filed nothing more than a nonsensical complaint and letter, both of which are utterly devoid of any meaning. There are no facts. This court lacks subject matter jurisdiction because Contreras's claims are completely devoid of merit and do not involve a federal controversy. The court recommends that this case be dismissed for lack of subject matter jurisdiction. Given the context of Contreras's filings in this and his several other cases, the court does not believe that amendment would be anything but futile and leave to amend is denied.

The parties have fourteen days from service of this report and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on January ___9___, 2023.

Peter Bray
United States Magistrate Judge